Stanley E. Esposito, Esq. Attorney, Hawthorne Improvement District Town of Mt. Pleasant
You have asked whether a person may hold simultaneously the positions of town supervisor and commissioner of a town water district.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interests created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
The town supervisor is a member of the town board which is the administrative and legislative branch of town government. The town board is responsible for determining policy on behalf of the town. Additionally, the supervisor has other fiscal and administrative functions.
While in most cases, the town board is responsible for governing improvement districts, some towns have a separately elected board of commissioners for an improvement district. The Town Law establishes the powers and duties of improvement district commissioners (Town Law, §215). A review of these powers indicates that under some circumstances the position of improvement district commissioner is subordinate to the town board, making the two positions incompatible. "[W]hen specifically authorized by the town board and subject to such restrictions as the town board may impose", improvement district commissioners may designate one of their members as treasurer and disbursing officer for the district in place of the town supervisor (id., § 215[1-a]). Improvement district commissioners may sell or lease real or personal property owned by the district only with the approval of the town board (id., § 215[8]). Annually, the commissioners must file with the town budget officer an estimate of the proposed expenditures and revenues of the district (id.,
§ 215[10]). The town board, with certain exceptions, may reduce any item specified in the estimate (ibid.). The commissioners, under a specific delegation by the town board, may exercise certain other specified powers (id., § 215[19]). A resolution of the town board is needed to authorize the commissioners of an improvement district to employ an attorney or engineer to provide legal and engineering services for the district (id., § 215[22]).
Thus, it is apparent that many of the powers of improvement district commissioners are subject to review, approval and authorization by the town board. It is our view that the office of improvement district commissioner is subordinate to the office of town supervisor, making these two positions incompatible.
We conclude that the offices of improvement district commissioner and town supervisor are incompatible.